IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tina L. Turner, ) | Case No.: 4:22-cv-00106-JD |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| CMH Homes, Inc., and CMH Homes d/b/a ) | |
| Oakwood Homes, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 32.)  Plaintiff Tina L. Turner ("Plaintiff" or "Turner"), proceeding *pro se* brought this action against Defendants CMH Homes, Inc. and CMH Homes d/b/a Oakwood Homes, (collectively "Defendants") alleging violations of the South Carolina Unfair Trade Practices Act, as well as other common law causes of action including conversion and negligence against Defendants in the Dillon County Court of Common Pleas.  (DE 1-1.)

On August 18, 2022, Defendants filed a Motion to Dismiss, contending Plaintiff has failed to prosecute her claims and "Plaintiff cannot state a claim against CMH as a matter of law" because Plaintiff paid CMH with stolen funds and was subsequently ordered to return the funds to the victim of the crime.  (DE 27.)  Because Plaintiff is proceeding *pro se*, the Court entered an order

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising her of the importance of such motions and of the need for her to file an adequate response. (DE 28.) Plaintiff was informed that her response was due in 31 days, and Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending this case. Plaintiff failed to respond to Defendants' Motion to Dismiss. On September 26, 2022, the Court ordered Plaintiff to advise the Court whether she wished to continue with the case and to file a response to the Motion to Dismiss by October 26, 2022. (DE 50.) Plaintiff filed no response.

The Report was issued on November 3, 2022, recommending this action be dismissed for failure to prosecute. (DE 32.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 32) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice for failure to prosecute.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 13, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.